UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 15        3146**

-------------------------------------------------------------------------X

AVRAHAM TAUROG,

Plaintiff,

<u>NOTICE OF REMOVAL</u>

-against-

**BRODIE, J.**

WB STUDIO ENTERPRISES, INC. and
WARNER BROS. TELEVISION PRODUCTIONS
INC.,

**POHORELSKY, M.J.**

Defendants.

-------------------------------------------------------------------------X

The defendants, **WB STUDIO ENTERPRISES INC. s/h/a WB STUDIO ENTERPRISES, INC. and WARNER BROS. TELEVISION PRODUCTIONS INC.**, remove this action from the Supreme Court, Kings County to the United States District Court for the Eastern District of New York.

1.      The plaintiff commenced this action against **WB STUDIO ENTERPRISES INC. s/h/a WB STUDIO ENTERPRISES, INC. and WARNER BROS. TELEVISION PRODUCTIONS INC.** in the Supreme Court of the State of New York, Kings County. A copy of the complaint is attached as **Exhibit A.**

2.      The plaintiff is a citizen of the State of New York and was a citizen of the State of New York when this action was started in state court.

3.      The defendants are citizens of a state other than the State of New York and were citizens of a state other than the State of New York when this action was started in state court.

a).      WB Studio Enterprises Inc. is (and was) a corporation incorporated in the State of Delaware with its principal place in business in Burbank, California.

8359095-1

   b).  Warner Bros. Television Productions Inc. was a corporation incorporated in the State of Delaware with its principal place of business in Burbank, California, and was merged into WB Studio Enterprises Inc. on January 1, 2006.

   4.  The plaintiff seeks damages of more than $75,000 and sought damages of more than $75,000 when this action was started in state court.

   5.  This court has subject-matter jurisdiction over this action under section 1332(a)(1) of the Judicial Code, 28 U.S.C. § 1332(a)(1), because this action—both now and when it was started—is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

   6.  The defendants may, under section 1441(a) of the Judicial Code, 28 U.S.C. § 1441(a), remove this action to this court because this is a civil action of which the District Courts of the United States have original jurisdiction that is brought in a state court.

   7.  All defendants join in the removal of this action to this court.

Dated: New York, New York
   May 29, 2015

           Robert A. Fitch (RF2198)
           RAWLE & HENDERSON, LLP
           Attorneys for Defendants
           14 Wall Street, 27TH Floor
           New York, New York 10005-2101
           Phone:  (212) 323-7070
           Fax:  (212) 323-7099
           **Our File No.:  803741**

To:  BERNSTONE and GRIECO, LLP
    Attorneys for Plaintiff
    295 Madison Avenue, 25th Floor
    New York, New York 10017
    (212) 532-1200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO.: 5392 /15
DATE OF FILING: 4/29/15

-------------------------------------
AVRAHAM TAUROG,

               Plaintiff,

    -against-

**VERIFIED COMPLAINT**

WB STUDIO ENTERPRISES, INC. and
WARNER BROS. TELEVISION PRODUCTIONS
INC.,

               Defendants.
-------------------------------------

Plaintiff, by his attorneys, BERNSTONE and GRIECO, LLP. as and for his Verified Complaint, respectfully alleges upon information and belief that at all times herein mentioned:

1.    That the plaintiff AVRAHAM TAUROG at all times hereinafter mentioned was and still is a resident of the County of Kings, City and the State of New York.

2.    That the defendant WB STUDIO ENTERPRISES, INC. at all times hereinafter mentioned was and still is a foreign corporation authorized and doing business in the State of New York.

3.    That the defendant WARNER BROS. TELEVISION PRODUCTIONS INC., at all times hereinafter mentioned was and still is a foreign corporation doing business in the State of New York.

4.    That the defendant WARNER BROS. TELEVISION PRODUCTIONS INC., at all times hereinafter mentioned was and still is a division of WB STUDIO ENTERPRISES, INC.

5.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a

production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 26 Bridge Street, Brooklyn, NY.

6.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 26 Bridge Street, Brooklyn, NY between the dates of Monday, November 17, 2017 and November 21st 2014.

7.    That at all times hereinafter mentioned, WB STUDIO ENTERPRISES, INC., a production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 215 Plymouth Street, Brooklyn, NY between the dates of Monday, November 17, 2017 and November 21st 2014.

8.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 215 Plymouth Street, Brooklyn, NY between the dates of Monday, November 17, 2017 and November 21st 2014.

9.     That at all times hereinafter mentioned, WB STUDIO ENTERPRISES, INC., a production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 160 Water Street Brooklyn, NY between the dates of Monday, November 17, 2017 and November 21st 2014.

10.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, entered in to a location agreement or about November 14, 2014, with Pearl Realty Management LLC., which included the premises located at or about 160 Water Street Brooklyn, NY between the dates of Monday, November 17, 2017 and November 21st 2014.

11.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at 26 Bridge Street, Brooklyn, NY.

12.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at 215 Plymouth Street, Brooklyn, NY.

13.    That at all times hereinafter mentioned, WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at 160 Water Street, Brooklyn, NY.

14.   That at all times hereinafter mentioned, WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at  26 Bridge Street, Brooklyn, NY.

15.   That at all times hereinafter mentioned, WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at  215 Plymouth Street, Brooklyn, NY.

16.   That at all times hereinafter mentioned, WB STUDIO ENTERPRISES, INC., a production company, utilized the agreement to prep and shoot at  160 Water Street, Brooklyn, NY.

17.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees operated the premises located at 26 Bridge Street, Brooklyn, NY.

18.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees managed the premises located at 26 Bridge Street, Brooklyn, NY.

19.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees maintained the premises located at 26 Bridge Street, Brooklyn, NY.

20.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees controlled the premises located at 26 Bridge Street, Brooklyn, NY.

21.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents

servants and/or employees to maintain the premises located at 26 Bridge Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

22.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees to maintain the premises located at 26 Bridge Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

23.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC. its agents servants and/or employees operated the premises located at 26 Bridge Street, Brooklyn, NY.

24.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees managed the premises located at 26 Bridge Street, Brooklyn, NY.

25.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees maintained the premises located at 26 Bridge Street, Brooklyn, NY.

26.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees controlled the premises located at 26 Bridge Street, Brooklyn, NY.

27.  That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 26 Bridge Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

28.  That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 26 Bridge Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

29.  That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to manage its equipment in a reasonably safe and suitable manner.

30.  That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees operated the premises located at 215 Plymouth Street, Brooklyn, NY.

31.  That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees managed the premises located at 215 Plymouth Street, Brooklyn, NY.

32.  That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees

maintained the premises located at 215 Plymouth Street, Brooklyn, NY.

33.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees controlled the premises located at 215 Plymouth Street, Brooklyn, NY.

34.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees to maintain the premises located at 215 Plymouth Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

35.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees to maintain the premises located at 215 Plymouth Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

36.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC. its agents servants and/or employees operated the premises located at 215 Plymouth Street, Brooklyn, NY.

37.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees managed the premises located at 215 Plymouth Street, Brooklyn, NY.

38.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees maintained the premises located at 215 Plymouth Street, Brooklyn, NY.

39.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees controlled the premises located at 26 Bridge Street, Brooklyn, NY.

40.   That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 26 Bridge Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

41.   That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 215 Plymouth Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

42.   That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to manage its equipment in a reasonably safe and suitable manner.

43.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees

operated the premises located at 160 Water Street, Brooklyn, NY.

44.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees managed the premises located at 160 Water Street, Brooklyn, NY.

45.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees maintained the premises located at 160 Water Street, Brooklyn, NY.

46.   That at all times hereinafter mentioned, the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees controlled the premises located at 160 Water Street, Brooklyn, NY.

47.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees to maintain the premises located at 160 Water Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

48.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC., its agents servants and/or employees to maintain the premises located at 160 Water Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

49.   That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC. its agents servants

and/or employees operated the premises located at 160 Water Street, Brooklyn, NY.

50. That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees managed the premises located at 160 Water Street, Brooklyn, NY.

51. That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees maintained the premises located at 160 Water Street, Brooklyn, NY.

52. That at all times hereinafter mentioned, the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees controlled the premises located at 160 Water Street, Brooklyn, NY.

53. That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 160 Water  Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair.

54. That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to maintain the premises located at 160 Water  Street, Brooklyn, NY in a reasonably safe and suitable condition and in good repair which included storing and utilizing its equipment in a safe and prudent manner.

55.   That at all times hereinafter mentioned, it was the duty of the defendant, WARNER BROS. TELEVISION PRODUCTIONS INC., its agents servants and/or employees to manage its equipment in a reasonably safe and suitable manner.

56.   That at all times hereinafter mentioned, it was the duty of the defendant, WB STUDIO ENTERPRISES, INC. its agents servants and/or employees to manage its equipment in a reasonably safe and suitable manner.

28.   That on 20th th day of November, 2014, the plaintiff, AVRAHAM TAUROG was lawfully upon the public sidewalk located at or about 50 Bridge Street, Brooklyn, NY, when he was caused to fall and sustain serious and permanent personal injuries due to the negligence of the defendants.

28.   That on 20th th day of November, 2014, the plaintiff, AVRAHAM TAUROG was lawfully upon the public sidewalk located at or about 50 Bridge Street, Brooklyn, NY, when he was caused to fall and sustain serious and permanent personal injuries due to the negligence of the defendants whose equipment was caused to be become and remain at the aforementioned location.

29.   That as a result of the foregoing, the plaintiff, AVRAHAM TAUROG sustained severe and serious personal injuries.

30.   That the aforesaid occurrence was caused by reason of the negligence and carelessness of the defendants, their agents servants and or employees which negligence and carelessness consisted of the following:

In the negligent operation, management, maintenance and control of the aforesaid premises and sidewalk; in failing to keep and maintain said premises in a safe, proper, reasonable and lawful condition; in causing, permitting, allowing and/or suffering the aforesaid sidewalk to be become and remain with with equipment so placed so as to constitute a danger and foottrap; in causing permitting and allowing the sidewalk to be become and remain with sandbags; in causing permitting and allowing the sidewalk to be, become and remain in a defective, dangerous and hazardous condition; in causing, permitting, allowing and/or suffering the aforesaid sidewalk to be become and remain an unexpected trap; in failing to have said sidewalk properly and adequately maintained; in failing to provide a safe place to walk; in carelessly and negligently failing to dispose of its equipment in a timely and safe manner in carelessly and negligently managing, maintaining and controlling said sidewalk as to allow same to be, become and remain in a defective, dangerous and hazardous condition; in causing, permitting and allowing a trap to be, become and remain on and about the aforesaid premises; in causing the aforesaid condition to be, become and remain a danger to life and limb; in failing and omitting to give proper and timely warning and notice of the aforesaid dangerous and hazardous condition; in carelessly and negligently failing and omitting to set up proper barriers and safeguards; in failing and neglecting to correct the aforesaid

dangerous, defective and hazardous conditions, after notice, actual and/or constructive; in failing to provide and furnish plaintiff, with a safe place to walk; in failing and neglecting to make adequate and timely inspections; in failing and omitting to take proper measures to prevent the happening of the occurrence; and in failing and neglecting to use reasonable care, caution and prudence in the premises.

31. That the defendants committed culpable acts contributing to this accident as well as negligence.

32. That as a result of the aforesaid occurrence, plaintiff, AVRAHAM TAUROG was wounded, bruised and injured and has been caused to suffer severe physical pain and mental anguish as a result thereof and upon information and belief, some of these injuries are of a permanent and/or lasting nature and the plaintiff has been confined to hospital, bed and home as a result thereof.

33. That plaintiff, AVRAHAM TAUROG's action falls within one or more of the exceptions as set forth in sections 1600 through 1603 of the Civil Practice Law and Rules of the State of New York.

34. That as a result of the foregoing, the plaintiff, AVRAHAM TAUROG has sustained damages in a sum which exceeds all jurisdictional limits of the lower courts.

**WHEREFORE**, plaintiff, AVRAHAM TAUROG demands that a judgment be granted in her favor awarding damages in a sum which

exceeds all jurisdictional limits of the lower courts together

with interest and the costs and disbursements of this action,

and for such other and further relief as to this Court

seems just and proper.

Dated:     New York, New York
           April 28, 2015
                          BERNSTONE and GRIECO , LLP.
                          By: LISA LYNN GRIECO, ESQ.
                          Attorneys for the Plaintiff
                          295 Madison Avenue, 25th Floor
                          New York, NY  10017
                          (212) 532-1200

## ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows that affirmant is a member of the attorneys of record for the plaintiff in the within action, that deponent has read the foregoing Verified Bill of Particulars and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this verification is made by affirmant and not by the plaintiff herein is that plaintiff is not a resident of the County in which affirmant maintains his office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows:   Documents in affirmant's file and conversations with plaintiff.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED:    New York, New York
          April 28, 2015

                              LISA LYNN GRIECO, ESQ.

INDEX NO.:              /15              YEAR 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

AVRAHAM TAUROG,

                         Plaintiff,

          - against -

WB STUDIO ENTERPRISES, INC. and WARNER BROS. TELEVISION PRODUCTIONS
INC.,

                    Defendants.

**SUMMONS & VERIFIED COMPLAINT**

**BERNSTONE and GRIECO, LLP**
Attorneys for the Plaintiff
295 Madison Avenue,  25th Fl.
New York, NY  10017
(212) 532-
1200

**[ ]   NOTICE OF ENTRY**

Sir: Please take notice that the within is a true copy duly entered in
the office of the Clerk of the within named Court on                    ,      .

**[ ]   NOTICE OF SETTLEMENT**

Sir: Please take notice that the within is a true copy and will be
presented for settlement to the Hon.              one of the Justices
of the within named Court, at              on         , at 10:00 A.M.

Dated:   New York, New York
         January 6, 2015

                         Yours, etc.,

                         **BERNSTONE and GRIECO, LLP**
                         By: Lisa Lynn Grieco
                         Attorneys for Plaintiff
                         295 Madison Avenue - 25th Floor
                         New York, New York  10017

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                         : ss:
COUNTY OF NEW YORK  )

      **ILANA GERMAN**, being duly sworn, deposes and says:

      I am not a party to this action, I am over 18 years of age and I reside in Suffolk County, New York.

      On May 29, 2015, I served the within **NOTICE OF REMOVAL** upon the attorneys listed below at the addresses designated by said attorneys and for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                BERNSTONE and GRIECO, LLP
                Attorneys for Plaintiff
                295 Madison Avenue, 25th Floor
                New York, New York 10017
                (212) 532-1200

                **ILANA GERMAN**

Sworn to before me this
29th day of May, 2015

_____
Notary Public

**Bryan Ferrara**
**Notary Public State of New York**
**No. 02FE6211365**
**Qualified in Suffolk County**
**Commission Expires on September 14, 2017**

8359100-1

Docket No.                    Year                    RJI No.                    Hon.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

AVRAHAM TAUROG,

                                          Plaintiff,

                    -against-

WB STUDIO ENTERPRISES, INC. and
WARNER BROS. TELEVISION PRODUCTIONS
INC.,

                                          Defendants.

## NOTICE OF REMOVAL

RAWLE & HENDERSON, LLP
*Office and Post Office Address, Telephone*
14 WALL STREET – 27TH FLOOR
NEW YORK, N.Y. 10005-2101
TEL. NO.: (212) 323-7070

To                                        Signature (Rule 130-1.1-a)
                                          ..............................................
                                          Print name beneath

Attorney(s) for

Service of a copy of the within                              is hereby admitted.

Dated,                                    ..............................................
                                          Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order                             of which the within is a true copy will be presented for
settlement to the HON.                                        one of the judges
of the within named court, at
on                          at            M
Dated,                                    Yours, etc.
                                          RAWLE & HENDERSON, LLP
                                          *Attorneys for Defendants J.B. Hunt Transport, Inc. & Alex Munoz*
To                                        *Office and Post Office Address*
                                          14 WALL STREET – 27TH FLOOR
                                          NEW YORK, NEW YORK 10005

8359103-1